UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN AARON COHEN,<br><br>   Plaintiff,<br><br>   v.<br><br>ERIC HOLDER, as United States Attorney General,<br><br>   Defendant. | Case No. 14-cv-1609-BAS(MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**[ECF No. 12]** |

   On July 7, 2014, Plaintiff Jonathan Aaron Cohen commenced this action against Defendant Eric Holder, in his capacity as the United States Attorney General, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff amended his complaint once, the operative complaint being the one filed on July 31, 2014. Defendant now moves to dismiss this action for lack of subject matter jurisdiction. Plaintiff opposes.

   The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss.

//

## I. BACKGROUND

Plaintiff alleges the following facts in his amended complaint: (1) "Plaintiff has transported canvassers and their cargo, including marijuana for medical purposes, in the usual course of his business and employment since 2009"; (2) "Plaintiff currently has a contractual obligation to bring one canvasser and her cargo, which includes cannabis for medical purposes, from Portland, OR to San Diego, CA, as soon as lawfully possible"; and (3) "All routes of carriage between Portland, OR and San Diego, CA expose Plaintiff to risk of criminal sanctions." (Am. Compl. 2:4–12.)

Based on these facts, Plaintiff seeks declaratory relief that: (1) "[he] is a contract carrier who may lawfully possess cannabis in the usual course of his business or employment, within the meaning of 21 U.S.C. § 957(b)(B)"[1]; (2) "21 U.S.C. § 957(b)(B) preempts Oregon and California law to the extent they prohibit what Congress has permitted"; and (3) "Executive Order 13132 is applicable to this controversy, and instruct the Attorney General to initiate consultations with State and local officials pursuant to § 4(d)." (Am. Compl. 3:2–8.)

Defendant now moves to dismiss Plaintiff's claims for injunctive relief under Rule 12(b)(1) for lack of Article III standing. Plaintiff opposes. On November 24, 2014, Plaintiff filed a motion for summary judgment. The Court issued an order vacating the summary-judgment's briefing schedule and holding the motion in abeyance until Defendant's jurisdictional challenge is resolved.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225

---

[1] Plaintiff references 21 U.S.C. § 957(b)(B), but that subsection does not exist. It is apparent from reviewing the statute that Plaintiff means to reference 21 U.S.C. § 957(b)(1)(B).

(9th Cir. 1989) (citation omitted). "Article III of the Constitution confines the federal courts to adjudication of actual 'Cases' and 'Controversies.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 590 (1992). Consequently, a "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted). "For the purposes of ruling on a motion to dismiss for want of standing," the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *see also Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir. 2000).

The "irreducible constitutional minimum" of Article III standing contains three elements: (1) "the plaintiff must have suffered an 'injury in fact'"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 560-61. The injury in fact must be an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Id.* at 560 (citation omitted). Furthermore, to satisfy the casual-connection prong, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* (citing *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Furthermore, "[s]tanding must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007).

## III.   DISCUSSION

Defendant argues that Plaintiff fails to present a "case or controversy" and thus lacks Article III standing because "he requests declaratory relief based on hypothetical and speculative facts, and based [his case] on a statute which appears to be inapplicable to those hypothetical facts." (Def.'s Mot. 2:4–8.) Plaintiff argues his complaint alleges

1  sufficient injury for standing and ripeness purposes and also contains sufficient facts
2  to support his claim for exemption under 21 U.S.C. § 957(b)(1)(B).  (Pl.'s Opp'n
3  2:8–6:21.)  The Court agrees with Defendant.

4  With the Controlled Substances Act ("CSA"), Congress intended to "conquer
5  drug abuse and to control the legitimate and illegitimate traffic in controlled
6  substances."  *Gonzales v. Raich*, 545 U.S. 1, 12 (2005).  Marijuana, also known as
7  cannabis, is classified as a Schedule I controlled substance under the CSA.  21 U.S.C.
8  § 812, Schedule I (c).  "Schedule I drugs are categorized as such because of their high
9  potential for abuse, lack of any accepted medical use, and absence of any accepted
10 safety for use in medically supervised treatment."  *Raich*, 545 U.S. at 14 (citing 21
11 U.S.C. § 812(b)(1)).  Plaintiff asks this Court to declare he may legally transport
12 marijuana across state lines within the United States as a contract carrier under the
13 CSA, 21 U.S.C. §§ 801–971.  Specifically, he contends that 21 U.S.C. § 957(b)(1)(B)
14 protects his activity as a contract carrier of medical marijuana.

### A.  Applicability of 21 U.S.C. § 957

As a preliminary matter, it appears that the statute Plaintiff invokes is not applicable to the circumstances of this case.  Plaintiff asserts that he "may establish an exemption under 21 U.S.C. § 957(b)(B) [sic] by proving that he has a valid contract for carriage under the applicable law, that his possession of cannabis arises out of his business or employment, and that the time, place and circumstances of his possession of cannabis are consistent with the requirements of his contract for carriage."  (Pl.'s Opp'n 6:9–15.)  However, Defendant's assertion that § 957 "applies to *import* and *export* of controlled substances into and out of the United States" is correct.  (Def.'s Mot. 5:7–17 (emphasis in original); *see also* Def.'s Reply 14–16.)

//
//
//

Sections 951–971 of the CSA address the import and export of controlled substances. *See* 21 U.S.C. §§ 952-53 (prohibiting the import into and the export from the United States of any schedule I narcotic drug). Section 957 provides, in pertinent part, that no person may "import into the customs territory of the United States . . . any controlled substance or list I chemical" or "export from the United States any controlled substance or list I chemical" unless such person is exempt from registration. 21 U.S.C. § 957(a).

Plaintiff directs this Court's attention to an exemption contained in § 957(b)(1)(B), which states that "[a] common or contact carrier or warehouseman, or an employee thereof, whose possession of any controlled substance or list I chemical is in the usual course of his business or employment" is not required to register under the CSA and "may lawfully possess a controlled substance or list I chemical." *Id.* § 957(b)(1)(B). But Plaintiff does not allege the import or export of marijuana into and out of the United States, or even the intention to import or export it in the future. Rather, Plaintiff only alleges transportation between Oregon and California.

Therefore, whether by automobile or pineapple express, § 957 and its enumerated exemptions are simply not applicable to the transportation of cannabis between the aforementioned states.

### B. Article III Standing

Even if § 957 somehow applied to this case, Plaintiff's complaint is not ripe. "Article III requires that there be a 'substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Aydin Corp. v. Union of India*, 950 F.2d 527, 528 (9th Cir. 1991) (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also Hillblom v. United States*, 896 F2d 426, 430 (9th Cir. 1990) ("The 'basic rationale' for the ripeness doctrine 'is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements' over policy with other branches of the federal government.").

There is an undeniable haze of confusion when it comes to the interaction of state laws permitting the medical and, in some instances, recreational use of marijuana and federal law classifying it as a Schedule I drug. However, insofar as being an injury, the "expos[ure] . . . to risk of criminal sanctions" is just smoke and mirrors. (*See* Am. Compl. 2:10–11.) Exposure to risk of potential state or federal action is not an injury that is concrete and particularized, and actual or imminent. *See Lujan*, 504 U.S. at 560. As Defendant points out, Plaintiff does not allege that any criminal sanctions have been imposed or even threatened. (*See* Def.'s Mot. 4:20–5:6.) Plaintiff even suggests that he has transported marijuana and canvassers since 2009 without any problems. (*See* Am. Compl. 2:3–5.) Furthermore, assertions that Plaintiff "suffered both actual economic injury and threatened future injury" are not supported by the allegations in the complaint. (*See* Pl.'s Opp'n 5:22–27.)

It cannot be known at this time whether state or federal authorities will ever prosecute Plaintiff for transporting marijuana and canvassers sometime in the unknown future. *See Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983) ("because 'we cannot know whether the Energy Commission will ever find a nuclear plant's storage capacity to be inadequate,' judicial consideration of this provision should await further developments."). There is no immediacy at this time that Plaintiff will ever face criminal sanctions for the future conduct described in the amended complaint.

To be blunt, this action is based on hypothetical facts that simply do not afford Article III standing. *See Aydin*, 940 F.2d at 528 (finding that the future existence and enforcement of an award in the United States is speculative); *see also Lujan*, 504 U.S. at 569-61.

//
//
//
//

## IV. CONCLUSION & ORDER

The Court recognizes that the inconsistent positions of state and federal laws place a chronic hardship on those who wish to participate in the budding marijuana industry. However, unless Plaintiff sustains an actual or imminent injury in fact, he lacks Article III standing to pursue this action. *See Lujan*, 504 U.S. at 560. Plaintiff may be better served hashing out the issues brought up in this action with state and federal prosecutorial bodies.

In light of the foregoing, the Court **GRANTS WITHOUT LEAVE TO AMEND** Defendant's motion to dismiss (ECF No. 12), and **DISMISSES WITH PREJUDICE** Plaintiff's amended complaint for lack of Article III standing. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."). As a consequence of finding that Plaintiff lacks Article III standing, the Court also **TERMINATES AS MOOT** Plaintiff's motion for summary judgment. (ECF No. 16.)

**IT IS SO ORDERED.**

**DATED: April 20, 2015**

*Cynthia Bashant*
**Hon. Cynthia Bashant**
**United States District Judge**